**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMKUARI, | No. 10-71284 |
| Petitioner, | Agency No. A099-783-966 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2011[**]
Seattle, Washington

Before: CLIFTON and N.R. SMITH, Circuit Judges, and KORMAN, Senior
District Judge.[***]

Ramkuari, a native and citizen of Fiji, seeks review of a decision of the

Board of Immigration Appeals dismissing an appeal from the denial of her claims

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for Eastern New York, Brooklyn, sitting by designation.

for withholding of removal and protection under the Convention Against Torture ("CAT"). We note that she does not seek review of the denial of her application for asylum, which was dismissed as time-barred. We conclude that substantial evidence supported the adverse credibility determination and deny the petition for review.

The BIA provided "specific, cogent reasons" for affirming the determination and discrediting Ramkuari's testimony under the terms of the REAL ID Act. *See Shrestha v. Holder*, 590 F.3d 1034 (9th Cir. 2010); *Zamanov v. Holder*, --- F.3d ----, 2011 WL 1651231 at *4 (9th Cir. Apr. 29, 2011). In her hearing testimony and supplemental declaration Ramkuari testified about many purported events of persecution in addition to those she had previously identified. *See id*. at *3-4. She also failed to provide corroborating evidence of her claims, and she frequently gave non-responsive answers. We are not persuaded by Ramkuari's argument that non-responsive answers unrelated to her claims of persecution in Fiji could not support an adverse credibility determination; the statute as amended in 2005 by the REAL ID Act states that adverse credibility determinations may be made whether inconsistencies go to the heart of an applicant's claim or not. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

With her own testimony discredited, Ramkuari's claim for CAT relief rested entirely upon the Country Reports, and they did not establish that she faced a probability of torture upon return to Fiji which would warrant CAT protection. To the contrary, Ramkuari's allegations of widespread torture of Indo-Fijians were undermined by country reports and other information on record.

**PETITION DENIED.**